

Sullivan & Worcester LLP      T 212 660 3000
1633 Broadway                 F 212 660 3001
New York, NY 10019            www.sandw.com

October 10, 2013

<u>By ECF and E-Mail</u>

Hon. Andrew L. Carter, Jr.
United States District Court
Southern District of New York
40 Foley Square, Room 435
New York, New York 10007

  Re: *Clarizia v. Ocwen Financial Corp.*, 13 Civ. 2907 (ALC); and
    *Lyons v. Litton Loan Servicing L.P.* 13 Civ. 513 (ALC)

Dear Judge Carter:

  This firm represents defendants Assurant, Inc. ("Assurant"), American Security Insurance Company ("American Security") and Standard Guaranty Insurance Company ("Standard Guaranty") in the above-styled putative class actions.  To the extent the Court considers plaintiffs' October 7, 2013 letter providing Notice of Supplemental Authority for Pre-Motion Conference, these defendants respectfully submit the following response and additional supplemental authority.

  Plaintiffs cite to and rely on *Rothstein v. GMAC Mortgage, LLC*, No. 12 Civ. 3412 (AJN), 2013 WL 5437648 (S.D.N.Y. Sept. 30, 2013), a recent decision by Judge Nathan denying a motion to dismiss.  But while *Rothstein* bears superficial similarities to *Lyons* and *Clarizia* (*e.g.*, all cases involve alleged overcharges for lender-placed insurance), plaintiffs' reliance on it is misplaced.

  The Court in *Rothstein* found that the filed rate doctrine did not apply to the allegations in that suit because, "'Plaintiffs do not allege that [the insurance carrier's] rates were unreasonable,' but instead challenge the imposition of those rates on them by a third party."  2013 WL 5437648, at *8.  By contrast, plaintiffs here squarely allege, and challenge on this basis, that American Security's and Standard Guaranty's rates are "inflated" and "unreasonable."  *See, e.g.*, *Lyons* First Amended Compl. ¶¶ 2, 208, 221, 248-49, 256; *Clarizia* First Amended Compl. ¶¶ 5, 12-13, 114, 146, 167.  The September 30 *Rothstein* decision also (understandably) did not address the September 26 decision in *Singleton v. Wells Fargo Bank, N.A.* (attached hereto as Exhibit A), which decried the very argument plaintiffs assert in *Lyons* and *Clarizia* as "semantic[]."  No. 12 Civ. 216 (NBB), 2013 WL 5423917, at *2 (N.D. Miss. Sept. 26, 2013).

Hon. Andrew L. Carter, Jr.
October 10, 2013
Page 2


      Moreover, the *Rothstein* decision ignores the decision in *Roussin v. AARP, Inc.*, 664 F. Supp. 2d 412 (S.D.N.Y. 2009), *aff'd*, 379 F. App'x 30 (2d Cir. 2010), which dismissed claims against non-underwriter third parties pursuant to the filed rate doctrine.  *Id.* at 419.  Finally, the premium at issue correlates to, and is approved for, a particular filed and approved policy form that includes coverages insuring ***both*** the servicer ***and*** the borrower.  *See, e.g.*, *Lyons* Dkt. No. 37-43 Ex. 39; *Clarizia* Dkt. No. 26-8 Ex. 8.  Thus, even under the "A to B" reasoning in *Rothstein*, the filed and approved rates apply directly to the premium charged for the borrower's coverage at issue in these cases.

      Thank you for Your Honor's consideration.


                Respectfully submitted,

                /s/

                Andrew T. Solomon

                Direct line: 212-660-3023
                asolomon@sandw.com


                Frank G. Burt
                W. Glenn Merten
                Bryan P. Perryman
                Jorden Burt LLP
                1025 Thomas Jefferson Street, N.W.
                Suite 400 East
                Washington, D.C. 20007-5208

                *Counsel for Defendants Assurant, Inc.,*
                *American Security Insurance Company and*
                *Standard Guaranty Insurance Companys*


Enclosure

cc:     All Counsel of Record (via ECF)

# EXHIBIT A

Westlaw.

Slip Copy, 2013 WL 5423917 (N.D.Miss.)
**(Cite as: 2013 WL 5423917 (N.D.Miss.))**

Only the Westlaw citation is currently available.

United States District Court,
N.D. Mississippi,
Delta Division.
Glynn J. SINGLETON, Plaintiff
v.
WELLS FARGO BANK, N.A., Wells Fargo Insurance, Inc., QBE Insurance Corporation, and Sterling National Insurance Agency, Inc., Defendants.

No. 2:12CV216–NBB–SAA.
Sept. 26, 2013.

John A. Yanchunis, Rachel L. Soffin, Morgan & Morgan, PA, Tampa, FL, Peter Byron Gee, Jr., Morgan & Morgan, P.A., Memphis, TN, for Plaintiff.

Sheryl Bey, Michael Vincent Bernier, Baker, Donelson, Bearman & Caldwell, John R. Chiles, Burr & Forman, LLP, Jackson, MS, Jennifer A. Slagle Peck, Pavitra Bacon, Robyn C. Quattrone, Buckleysandler LLP, Washington, DC, for Defendants.

### MEMORANDUM OPINION
NEAL B. BIGGERS, JR., District Judge.

**\*1** Presently before the court are the motions of Defendants Wells Fargo Bank, N.A., Wells Fargo Insurance, Inc., QBE Insurance Corporation, and QBE Insurance Agency, Inc. also known as Sterling National Insurance Agency, Inc., for dismissal. Upon due consideration of the parties' filings and supporting and opposing authority, the court is ready to rule.

### Factual and Procedural Background
In March 2008, Glynn Singleton obtained a $74,5000 loan from Bankers Mortgage Center, Inc. secured by a deed of trust on real property in DeSoto County, Mississippi. Wells Fargo is the servicer of the loan. Pursuant to the deed of trust, Singleton is required to maintain insurance on the property, and if she fails to do so, "Lender may obtain insurance coverage, at Lender's option and Borrower's expense. Lender is under no obligation to purchase any particular type or amount of coverage." Further, the agreement provides that "Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of the insurance that Borrower could have obtained." *See* Compl. at 35.

In March 2009, Wells Fargo informed Singleton that the flood insurance she had purchased for the property was inadequate. When Singleton failed to obtain the additional coverage as requested by Wells Fargo, the company purchased the insurance from QBE Insurance and charged Singleton. The charged rate was first reviewed and approved by the Mississippi Department of Insurance.

Plaintiff Singleton filed this potential class action alleging that Wells Fargo and QBE Insurance impermissibly entered into an arrangement wherein QBE would be the sole provider for Wells Fargo's force placed policies. Plaintiff alleges that this arrangement allows Defendants to charge exorbitant rates which were not arrived at on a competitive basis and were well in excess of those rates which could have been obtained in the open market. Singleton's complaint pleads the following claims against Wells Fargo: breach of implied covenant of good faith and fair dealing, violation of the Real Estate Settlement Procedure Act ("RESPA"), unconscionability, an additional claim of tortious interference with a business relationship against QBE Insurance, as well as a claim of assumpsit to recover the amount that Defendants were enriched.

Defendants Wells Fargo and QBE Insurance subsequently filed separate motions to dismiss for

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2013 WL 5423917 (N.D.Miss.)
**(Cite as: 2013 WL 5423917 (N.D.Miss.))**

failure to state a claim, both of which will be addressed herein.

### Standard of Review

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the legal sufficiency of the complaint and raises an issue of law. When reviewing a motion to dismiss, the court "accepts all well pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Guidry v. American Pub. Life Ins. Co.,* 512 F.3d 117, 180 (5th Cir.2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on assumption that all allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly,* 550 U.S. 554, 555 (2007). This court cannot dismiss a complaint "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46 (1957). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the court to draw on its judicial experience and common sense. *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009).

### Discussion

**\*2** Defendants argue that Plaintiff's claims are barred in their entirety by the filed rate doctrine since the charged rate was first presented to the Mississippi Department of Insurance. "Under the filed rate doctrine, any 'filed-rate'—that is, a rate approved by the governing regulatory agency—is 'per se reasonable and unassailable in judicial proceedings brought by ratepayers.' " *American Bankers' Ins. Co. of Fla. v. Wells,* 819 So.2d 1196, 1203–04 (¶ 23) (Miss.2001) (quoting *Wegoland Ltd. v. NYNEX Corp.,* 27 F.3d 17, 18 (2d Cir.1994); citing *United Gas Pipe Line Co. v. Willmut Gas & Oil Co.,* 97 So.2d 530, 535 (1957)). The Mississippi Supreme Court has determined:

The filed rate doctrine is based upon sound considerations of law and judicial policy. A civil juror, who likely has little, if any, expertise in the area of insurance rates and policies, should not be permitted to reject and thereupon impose liability based on the rates of a policy which was expressly approved by the Department of Insurance.

*Wells,* 819 So.2d at 1204 (¶ 24) (citing Miss.Code Ann. tit. 83 (1999)).

Plaintiff semantically argues that the doctrine does not apply because she is not challenging the rates, but rather the manner in which the rates were attained, the manipulation of the force-placed insurance process, the impermissible commissions and kickbacks included in the premiums, and the cost of the administrative services, while also asserting that she challenges "the particular rate chosen by Defendants for unnecessary coverage." Pls.' Resp. at 3. Moreover, Plaintiff specifically alleges that under Defendants' arrangement, the companies "charge exorbitant rates to Plaintiff and the Class ...." and that the rates are "illegal because they not only include the excessive cost of insurance, but also include illegal kickbacks and the cost of the bundle of administrative services that QBE is providing to Wells Fargo." Compl. at ¶¶ 19, 28. In her response to both motions to dismiss, Plaintiff states that she "brought this class action against several defendants ... for their common pattern and practice of force-placing insurance upon Plaintiff and Class Members at grossly excessive rates...." Pls.' Resp. at 1.

It appears to the court that Plaintiff is essentially alleging that the policy rates are too high and that recovery is sought based on this issue. The alleged kickbacks and other costs were included in the amount of the premium approved by the regulatory agency. The court finds that filed-rate doctrine applies because Plaintiff's claims implicate the reasonableness of the filed rates, notwithstanding Plaintiff's cited persuasive authority to the contrary. [FN1] See *Korte v. Allstate Ins. Co.,* 48 F.Supp.2d 647, 652 (E.D.Tex.1999). While the Mississippi Supreme Court noted in its opinion in *Wells* that various types of claims arguably fall outside

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2013 WL 5423917 (N.D.Miss.)
**(Cite as: 2013 WL 5423917 (N.D.Miss.))**

the scope of the filed rate doctrine, none of such claims are pled by Plaintiff. *See* *Wells, 819 So.2d at 1204–05* (¶ 27).

> **FN1.** Plaintiff primarily relies on two cases for the proposition that her claims are not barred by the doctrine. *See* *Ables v. JPMorgan Chase Bank, N.A., 678 F.Supp.2d 1273, 1277 (S.D.Fla.2009)*; *see also* *Kunzelman v. Wells Fargo Bank, N.A.,* No. 9:11–cv–81373–DMM, 2012 WL 2003337, at *2–3 (S.D. Fla. June 4, 2012)*. Because this court's jurisdiction is invoked through diversity, it must apply the laws of the State of Mississippi.

**\*3** Because the court determines that the filed rate doctrine bars Plaintiff's claims in their entirety, it need not address Defendants' remaining arguments for dismissal.

### Conclusion

For the foregoing reasons, the court finds that Wells Fargo and QBE's motions to dismiss should be and the same are hereby granted. A separate order in accord with this opinion will issue this day.

N.D.Miss.,2013.
Singleton v. Wells Fargo Bank, N.A.
Slip Copy, 2013 WL 5423917 (N.D.Miss.)

END OF DOCUMENT

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.