UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------- X
                                             :
JOHN CLARIZIA, *et. al.*, individually and on :
behalf of all others similarly situated,     :
                                             :   Case No. 13-cv-02907-ALC-HBP
                 Plaintiffs,                 :
                                             :
                                             :
        - v -                                :
                                             :
OCWEN FINANCIAL CORPORATION, et al.,         :
                                             :
                 Defendants.                 :
-------------------------------------------- X


# REPLY IN SUPPORT OF ASSURANT DEFENDANTS'
# REQUEST FOR JUDICIAL NOTICE


SULLIVAN & WORCESTER LLP
1633 Broadway
New York, New York 10019
Telephone: (212) 660-3069
Facsimile: (212) 660-3001

CARLTON FIELDS
JORDEN BURT, P.A.
1025 Thomas Jefferson Street NW
Suite 400 East
Washington, DC 20007
Telephone: (202) 965-8100
Facsimile: (202) 965-8104

*Attorneys for Defendants Assurant, Inc., and American Security Insurance Company*

Defendants American Security Insurance Company ("ASIC") and Assurant, Inc. (together with ASIC, "Assurant Defendants") respectfully submit this reply in support of their Request for Judicial Notice (ECF No. 68) filed in connection with their Motion to Dismiss (ECF Nos. 62 & 63).  For the reasons set forth below, the Request for Judicial Notice should be granted.

## INTRODUCTION

The Assurant Defendants submitted several declarations with supporting documentation in support of their Motion to Dismiss – the Declaration of Jessica Olich (ECF No. 64) ("Olich Declaration"), the Declaration of Rebecca H. Voyles (ECF No. 65) ("Voyles Declaration"), and the Declarations of Ronald K. Wilson (ECF Nos. 66 & 67) ("Wilson Declarations").  The Assurant Defendants filed a Request for Judicial Notice of the exhibits to the Voyles Declaration.  Plaintiffs now oppose that request and argue that the Voyles Declaration and exhibits should be excluded.  Plaintiffs also assert that the Wilson Declarations and their exhibits should be excluded.

For the reasons articulated herein, plaintiffs' Opposition to Assurant Defendants' Request for Judicial Notice (ECF No. 79) ("Opposition") is without merit and plaintiffs' requested relief should be denied.

## ARGUMENT

**I.     The Court May Consider The Voyles Declaration And Exhibits In Support Of The Assurant Defendants' Argument That Subject Matter Jurisdiction Is Lacking.**

The Court may consider the Voyles Declaration and its exhibits because (i) the Assurant Defendants challenge subject matter jurisdiction; and, (ii) the Court is entitled to take judicial notice of matters of public record.

      **A.**    **The Court May Consider The Voyles Declaration And Exhibits In Connection With The Assurant Defendants' Rule 12(b)(1) Arguments.**

As the Assurant Defendants established in their opening Motion to Dismiss and reply in support of that motion, the filed rate doctrine argument is a Rule 12(b)(1) challenge.  *See* Motion to Dismiss at 4-12; Reply at 1.  The law is well settled that when considering a Rule 12(b)(1) motion, "the court may resolve the disputed jurisdictional fact issues by referring to evidence outside the pleadings, such as affidavits."  *Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000); *see also Luckett v. Bure*, 290 F.3d 493, 496-97 (2d Cir. 2002) ("In resolving the question of jurisdiction, the district court can refer to evidence outside the pleadings . . .").  This is because "subject matter jurisdiction is a 'threshold question that must be resolved . . . before proceeding to the merits.'" *Young-Gibson v. Patel*, 476 F. App'x 482, 483 (2d Cir. 2012) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 88–89, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998)); *see also Rogers v. Petroleo Brasileiro, S.A.*, 673 F.3d 131, 137 (2d Cir. 2012) ("Notwithstanding our grave concerns regarding the merits of the complaint, we proceed, as we must, first to determine issues of subject matter jurisdiction."); *Nike, Inc. v. Already, LLC*, 663 F.3d 89, 94 (2d Cir. 2011) ("We determine the existence of subject matter jurisdiction before addressing other threshold issues.").  Thus, it is entirely appropriate for the Assurant Defendants to attach and rely upon the Voyles Declaration and supporting exhibits in support of their Rule 12(b)(1) arguments.

      **B.**    **The Court May Take Judicial Notice Of The Voyles Declaration And Exhibits.**

Even if the Assurant Defendants rely upon the Voyles Declaration and exhibits to support a Rule 12(b)(6) motion, the Court could still consider the exhibits because they concern matters of public record.  *See Bryant v. N.Y. State Educ. Dep't*, 692 F.3d 202, 208 (2d Cir. 2012) (taking

3

facts from the complaint and from public records of which the court can take judicial notice); *Swiatkowski v. Citibank*, 446 F. App'x 360, 361 (2d Cir. 2011) ("[W]here public records that are integral to a complaint are not attached to it, the court, in considering a Rule 12(b)(6) motion, is permitted to take judicial notice of those records.") (internal quotation marks omitted).  At least two courts considering nearly identical lender-placed insurance ("LPI") claims against one of the Assurant Defendants and another LPI insurer took judicial notice of the insurers' rate filings filed in connection with motions to dismiss.  *See Leghorn v. Wells Fargo Bank, N.A.*, 950 F. Supp. 2d 1093, 1106 (N.D. Cal. 2013) ("The Court takes judicial notice of the [insurer's] rate filing as a matter of public record that is not subject to reasonable dispute."); *Schilke v. Wachovia Mortgage, FSB*, 820 F. Supp. 2d 825, 835 (N.D. Ill. 2011) ("The Court takes judicial notice of ASI's filings with the DOI").  Plaintiffs cannot credibly argue that this Court should not also take judicial notice of ASIC's publicly available rate filings because they have themselves requested the Court to take judicial notice of "publicly filed documents."  *See* Request for Judicial Notice in Opposition to Defendants' Motions to Sever (ECF No. 76).

**II.     The Court May Consider The Wilson Declarations And Exhibits.**

The Wilson Declarations and supporting exhibits are appropriate for the Court's consideration because they support the Assurant Defendants' Rule 12(b)(1) argument that plaintiffs' claims are barred by the filed rate doctrine.  *See* Motion to Dismiss at 6.  The Court may also consider the Wilson Declarations and exhibits because the plaintiffs relied on these documents in bringing suit, refer to them in and attach them to the Complaint, and have some or all of the documents in their possession, or at least knew of them when bringing suit, as evidenced by the fact that the documents attached to the Wilson Declarations are addressed to plaintiffs.  *See Rothman v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000) ("For purposes of a motion to

dismiss, we have deemed a complaint to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference . . . and documents that the plaintiffs either possessed or knew about and upon which they relied in bringing the suit") (internal citations omitted); *Burrell v. State Farm and Cas. Co.*, 226 F. Supp. 2d 427, 434 (S.D.N.Y. 2002) ("In deciding the motion, the Court may consider documents that are referenced in the Second Amended Complaint, documents that the plaintiffs relied on in bringing suit and that are either in the plaintiffs' possession or that the plaintiffs knew of when bringing suit, or matters of which judicial notice may be taken.").

The Complaint repeatedly refers to the placement of the LPI policies on plaintiffs' properties, the disclosures made to plaintiffs regarding those policies, and the premiums charged to plaintiffs for the LPI. *See, e.g.*, Compl. ¶¶ 84-93. For example, in paragraphs 84-89, plaintiff Clarizia alleges the dates on which his lender placed insurance on his property and the premiums charged for that insurance. *See, e.g.*, Compl. ¶ 85 ("OLS force-placed the threatened flood insurance policy on the Clarizia Property through Defendant American Security Insurance Company on May 5, 2011."); *id.* ¶ 88 ("OLS had charged the Clarizias a total of $4,500.00 for the two force-placed flood insurance policies."). The Wilson Declarations set forth, based on the Assurant Defendants' business records, the effective dates, the policy limits, and the annual premiums for the LPI referenced in the Complaint. *See, e.g.*, Wilson Declaration (ECF No. 66) ¶ 10 (attaching a policy sent to plaintiff Clarizia "on or about May 21, 2011" that provided coverage "with limits of liability of $250,000 for the period from March 27, 2011 to March 27, 2012 " for an "annual total charged [of] $2,250.00.").

The Wilson Declaration also attaches the relevant notices provided to plaintiffs regarding each occurrence of LPI on their properties. *See, e.g.*, Wilson Declaration (ECF No. 66) ¶ 8

5

("Attached hereto as Exhibit B is a true and correct copy of a letter and insurance binder issued by ASIC sent to Mr. Clarizia on or about March 12, 2011."); Compl. ¶ 84 ("OLS notified Mr. Clarizia by mail that he was required to maintain flood insurance on his property and, because he had not done so, OLS would charge him $2,250.00 for a force-placed flood insurance policy."). Not only is this information referenced in the Complaint, but many of the same documents attached to the Wilson Declarations that plaintiffs now ask the Court to exclude are also attached to the Complaint, contrary to plaintiffs' assertions that they are not. *Compare e.g.*, Compl. Exs. 7-9, *with* Wilson Declaration (ECF No. 66) Exs. D-E, G; *see also* Opp. at 3.

Because "the complaint relies heavily upon [the] terms and effects" of the insurance policies and relevant notices provided to plaintiffs, and even attaches many of those same documents, those documents are "'integral' to the complaint" and may be considered by the court. *Madu, Edozie & Madu v. SocketWorks, Ltd. Nigeria*, 265 F.R.D. 106, 123 (S.D.N.Y. 2010). At least one court in this District has considered substantially similar documents on a motion to dismiss. *See Miller v. Wells Fargo Bank, N.A.*, No. 13 CV 1541, 2014 WL 349723, at *2 & n.3 (S.D.N.Y. Jan. 30, 2014) (quoting from and citing exhibits to nearly identical Wilson Declarations in an opinion granting the Assurant Defendants' motion to dismiss a putative class action asserting claims related to LPI).

## **CONCLUSION**

For the reasons set forth above, the Assurant Defendants respectfully request that the Court grant their Request for Judicial Notice and deny plaintiffs' request to exclude the Voyles and Wilson Declarations and corresponding exhibits.

| | |
|---|---|
| Dated:  New York, New York<br>　　　　March 7, 2014 | /s/ Andrew T. Solomon<br>Andrew T. Solomon<br>Karen E. Abravanel<br>SULLIVAN & WORCESTER LLP<br>1633 Broadway, 32nd Floor<br>New York, New York 10019<br>Telephone: (212) 660-3000<br>Facsimile: (212) 660-3001<br>asolomon@sandw.com<br>kabravanel@sandw.com<br><br>-and-<br><br>Franklin G. Burt (*pro hac vice*)<br>W. Glenn Merten (*pro hac vice*)<br>CARLTON FIELDS JORDEN BURT<br>1025 Thomas Jefferson Street, NW<br>Suite 400 East<br>Washington, DC 20007<br>Telephone: (202) 965-8100<br>Facsimile: (202) 965-8104<br>fburt@cfjblaw.com<br>gmerten@cfjblaw.com<br><br>*Attorneys For Assurant, Inc. and*<br>*American Security Insurance Company* |

281920

Case 1:13-cv-02907-ALC-HBP   Document 81   Filed 03/07/14   Page 8 of 8