UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------- X
                                             :
JOHN CLARIZIA, *et. al.*, individually and on :
behalf of all others similarly situated,     :
                                             :
             Plaintiffs,            :  Case No. 13-cv-02907-ALC-HBP
                                             :
             - v -                  :
                                             :
OCWEN FINANCIAL CORPORATION, et al.,         :
                                             :
             Defendants.            :
------------------------------------------- X

**DEFENDANTS ASSURANT, INC. AND AMERICAN SECURITY INSURANCE COMPANY'S REPLY IN SUPPORT OF SUPPLEMENTAL AUTHORITY**

Apparently unsatisfied with their 20-page opposition to the Assurant Defendants' motion to dismiss and this Court's rule prohibiting unauthorized sur-replies, plaintiffs responded to the Assurant Defendants' notice of supplemental authority with a ***six-page*** sur-reply, Dkt. No. 91 (the "Sur-Reply"). This disregard for the Court's rules should not be tolerated. The Sur-Reply, filed nearly one month after the notice of supplemental authority, briefly touches on the recent supplemental authority provided by the Assurant Defendants, *In re HSBC Debit Card Overdraft Fee Litig.*, No. 13-md-2451 (ADS), 2014 WL 868827 (E.D.N.Y. Mar. 5, 2014), but then proceeds to offer additional argument regarding the motion to dismiss, including an extensive discussion of *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, 693 F.3d 145 (2d Cir. 2012) ("*NECA*"), a 2012 case absent from their opposition. Dkt. No. 91 at 3-6. Plaintiffs' Sur-Reply should be disregarded in its entirety, but since it misconstrues decisional authority, the Assurant Defendants are compelled to file this brief response.

**The Sur-Reply Is Improper.** Under the guise of "responding" to the Assurant Defendants' notice of supplemental authority, plaintiffs' so-called "response" unpersuasively