UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------- X
                                             :
JOHN CLARIZIA, *et. al.*, individually and on :
behalf of all others similarly situated,     :
                                             :
                Plaintiffs,    :  Case No. 13-cv-02907-ALC-HBP
                                             :
                - v -         :
                                             :
OCWEN FINANCIAL CORPORATION, et al.,         :
                                             :
                Defendants.    :
-------------------------------------------- X

## DEFENDANTS ASSURANT, INC. AND AMERICAN SECURITY INSURANCE COMPANY'S REPLY IN SUPPORT OF SUPPLEMENTAL AUTHORITY

Apparently unsatisfied with their 20-page opposition to the Assurant Defendants' motion to dismiss and this Court's rule prohibiting unauthorized sur-replies, plaintiffs responded to the Assurant Defendants' notice of supplemental authority with a ***six-page*** sur-reply, Dkt. No. 91 (the "Sur-Reply"). This disregard for the Court's rules should not be tolerated. The Sur-Reply, filed nearly one month after the notice of supplemental authority, briefly touches on the recent supplemental authority provided by the Assurant Defendants, *In re HSBC Debit Card Overdraft Fee Litig.*, No. 13-md-2451 (ADS), 2014 WL 868827 (E.D.N.Y. Mar. 5, 2014), but then proceeds to offer additional argument regarding the motion to dismiss, including an extensive discussion of *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, 693 F.3d 145 (2d Cir. 2012) ("*NECA*"), a 2012 case absent from their opposition. Dkt. No. 91 at 3-6. Plaintiffs' Sur-Reply should be disregarded in its entirety, but since it misconstrues decisional authority, the Assurant Defendants are compelled to file this brief response.

**The Sur-Reply Is Improper.** Under the guise of "responding" to the Assurant Defendants' notice of supplemental authority, plaintiffs' so-called "response" unpersuasively

attempts to distinguish *Mahon v. Ticor Title Insurance Co.*, 683 F.3d 59, 64 (2d Cir. 2012), cited by the Assurant Defendants in their Reply in Support of the Motion to Dismiss.  *See* Dkt. No. 91 at 3.  Indeed, plaintiffs do not so much as mention *HSBC Debit Card* in the final four pages of their six-page, five-footnote "response."  Plaintiffs double-down with an extensive discussion of *NECA*, a 2012 decision not mentioned in plaintiffs' previously-filed 20-page opposition.  Rule 2(B) of this Court's Individual Practice plainly states that "[s]ur-reply memoranda will not be accepted without prior permission of the Court."  Despite this clear directive, plaintiffs did not seek leave to file the Sur-Reply, and the Court should disregard it in its entirety.

*American Centennial Insurance Co. v. Seguros La Republica, S.A.*, No. 90 Civ. 2370 (JFK), 1991 WL 60378 (S.D.N.Y. Apr. 8, 1991), is instructive.  In *American Centennial*, "[a]fter the submission of defendant's reply brief in support of its motion to dismiss the complaint, the Court received . . . letters [from counsel that] did not bring to the Court's attention newly decided cases."  *Id.* at *3 n.2.  "Rather, the letters served to reiterate each side's position on the motion."  The *American Centennial* court deemed the letters "sur-reply papers," and did not accept them or take them into account in deciding the motion to dismiss.  *Id.*  Plaintiffs' "response" likewise does not provide the Court with any newly decided cases.  Instead, it rehashes previously offered arguments, relying on authority that could have been – but was not – discussed in plaintiffs' opposition to the motion to dismiss.

**<u>HSBC Debit Card.</u>**  If, however, the Court does consider plaintiffs' Sur-Reply, there are several points the Court should consider.  First, plaintiffs argue that *HSBC Debit Card* stands for the proposition that standing should be resolved prior to class certification because to hold otherwise would allow plaintiffs to engage in lengthy and expensive discovery across the country.  Sur-Reply at 2.  Not so.  While overbroad and unnecessary discovery is an undesirable

result of allowing claims to proceed which the named plaintiffs lack standing to pursue, it was not the basis or impetus for dismissing the claims in *HSBC Debit Card*, or in any of the numerous other cases the Assurant Defendants cited.  Instead, "[w]hether a Plaintiff has Article III standing *is a threshold issue* that 'determine[s] the power of the court to entertain the suit.'" *HSBC Debit Card*, 2014 WL 868827, at *11 (quoting *Warth v. Seldin*, 422 U.S. 490, 498 (1975)) (emphasis supplied).  The Eastern District of New York held that standing is a threshold question, because "[i]f plaintiffs lack Article III standing, a court has no subject matter jurisdiction to hear their claim."  *Id.* at *11. "These rules are no less true for plaintiffs representing putative classes."  *Id.*  Concerns about overbroad discovery are collateral to a ruling based on constitutional subject-matter jurisdiction.

   ***NECA*.**  Plaintiffs also ignore that "the Second Circuit has made clear that Article III standing is generally a prerequisite to class certification."  *Id.* (citing *Okla. Police Pension & Ret. Sys. v. U.S. Bank N.A.*, 2013 WL 6508843, at *5 n.3 (S.D.N.Y. Dec. 12, 2013) (citing *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 65 (2d Cir. 2012)).  Citing *NECA*, plaintiffs assert that class standing is logically antecedent to standing.  *See* Sur-Reply at 2.  But the Southern District of New York addressed this point and distinguished *NECA* in *Oklahoma Police,* finding that class certification is only antecedent to Article III standing as an ***exception*** in "cases in which the Article III concerns would arise only if the Court affirmed class certification."  2013 WL 6508843, at *5 n.3.  Here, "this case presents the question of whether the only named plaintiff has standing to bring claims under the laws of various states.  This question is relevant whether or not the class is certified."  *Smith v. Pizza Hut, Inc.*, No. 09 Civ. 1632, 2011 WL 2791331, at *7 (D. Colo. July 14, 2011) (cited approvingly in *HSBC Debit Card*).  The exception does not apply here.  Indeed, *NECA* does not even address the "logical antecedent" issue.

*NECA* also is inapposite because the plaintiff there brought claims under the Securities Act on behalf of investors in securities in which plaintiff did not invest but which were issued and underwritten by the same defendants. 693 F.3d at 149. The Second Circuit found that the named plaintiff had standing to bring securities claims on behalf of the putative class members, because plaintiff and those investors shared the same set of concerns. *Id.* at 162. *NECA* did not address whether the plaintiff could bring claims under the laws of states where he or she does not reside and was not injured. "[T]here is no case law supporting the plaintiff's theory that a plaintiff can pursue a claim that it does not have on behalf of a class simply because the plaintiff suffered a 'similar injury' for a different claim." *Oklahoma Police*, 2013 WL 6508843, at *5. Here, plaintiffs allege unjust enrichment and aiding and abetting breach of fiduciary duty claims on behalf of borrowers allegedly injured outside of plaintiffs' states, and therefore these claims should be dismissed to the extent they are asserted on behalf of nationwide putative classes.

| | | |
|---|---|---|
| Dated: | New York, New York<br>May 13, 2014 | SULLIVAN & WORCESTER LLP<br><br>By: /s/ Andrew T. Solomon<br>Andrew T. Solomon<br>1633 Broadway, 32nd Floor<br>New York, New York 10019<br>Telephone: (212) 660-3000<br>Facsimile: (212) 660-3001<br>Email: asolomon@sandw.com<br><br>CARLTON FIELDS JORDEN BURT, P.A.<br>Franklin G. Burt (*pro hac vice*)<br>W. Glenn Merten (*pro hac vice*)<br>1025 Thomas Jefferson Street, NW<br>Suite 400 East<br>Washington, DC 20007<br>Telephone 202.965.8100<br>Facsimile 202.965.8104<br>Email: fburt@cfjblaw.com<br>Email: gmerten@cfjblaw.com<br><br>*Attorneys for Defendants Assurant, Inc. and American Security Insurance Company* |