UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
:
JOHN CLARIZIA, *et al.*, individually and :
on behalf of all others similarly situated, :
:
:
Plaintiffs, :
:
:
v. : Case No. 13 Civ. 02907-ALC-HBP
:
OCWEN FINANCIAL CORPORATION, *et al.*, :
:
Defendants. :
:
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**DEFENDANTS ASSURANT, INC. AND AMERICAN SECURITY
INSURANCE COMPANY'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants Assurant, Inc. and American Security Insurance Company (collectively, the "Assurant Defendants") respectfully request that the Court take notice of an Order issued June 25, 2014 by the United States Court of Appeals for the Second Circuit granting leave to appeal an interlocutory order in *Rothstein v. Balboa Ins. Co., et al.*, Case No. 14-1112 (Dkt. No. 36). For the Court's convenience, a copy of the Order is attached as Exhibit A.

Like the case before this Court, *Rothstein* is a putative class action alleging that the defendant mortgage loan servicer and insurer engaged in unlawful practices relating to the lender-placed insurance process, including the alleged inclusion of so-called "kickbacks" in the defendants' compensation arrangements. The Court of Appeals will review the district court's decision that New York's filed-rate doctrine does not bar the plaintiffs' claims, which conflicts with two other decisions from this district. *See Miller v. Wells Fargo Bank, N.A.*, 2014 WL 349723 (S.D.N.Y. Jan. 30, 2014) and *Curtis v. Cenlar FSB*, 2013 WL 5995582 (S.D.N.Y. No. 12, 2013). Because the allegations in *Rothstein* are substantially similar to those at issue here, a

decision by the Court of Appeals concluding that the filed-rate doctrine applies in *Rothstein* should dispose of the parallel claims in this case.  *See* Dkt. No. 63 at 4-12.

The Court's consideration is appreciated.

Dated: June 27, 2014

SULLIVAN & WORCESTER LLP

By: /s/ Andrew T. Solomon
Andrew T. Solomon
Karen Abravanel
1633 Broadway, 32nd Floor
New York, New York 10019
Telephone:  (212) 660-3069
Facsimile:  (212) 660-3001
asolomon@sandw.com
kabravanel@sandw.com

CARLTON FIELDS JORDEN BURT, P.A.
Franklin G. Burt (*pro hac vice*)
W. Glenn Merten (*pro hac vice*)
1025 Thomas Jefferson Street, NW
Suite 400 East
Washington, DC 20007
Telephone 202.965.8100
Facsimile 202.965.8104
fburt@cfjblaw.com
gmerten@cfjblaw.com

*Attorneys for Defendants Assurant, Inc.,
and American Security Insurance Company*

# EXHIBIT A

Case 1:13-cv-02907-ALC-HBP   Document 94   Filed 06/27/14   Page 3 of 5

S.D.N.Y.–N.Y.C.
12-cv-3412
Nathan, J.

# United States Court of Appeals
FOR THE
SECOND CIRCUIT

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of June, two thousand fourteen.

Present:
> Guido Calabresi,
> José A. Cabranes,
> Christopher F. Droney,
>> *Circuit Judges*.

Landon Rothstein, individually and on behalf of all others similarly situated, *et al.*,

> *Plaintiffs-Respondents*,

v.  14-1112

Balboa Insurance Company, *et al.*,

> *Defendants-Petitioners*,

GMAC Mortgage, LLC, *et al.*,

> *Defendants*.

Petitioners move, pursuant to 28 U.S.C. § 1292(b), for leave to appeal an interlocutory order of the district court. Upon due consideration, it is hereby ORDERED that the petition is GRANTED. Petitioners are directed to file a scheduling notification within 14 days of the date of entry of this order pursuant to Second Circuit Local Rule 31.2.

Respondents move for this Court to take judicial notice of certain complaints filed in other federal courts and certain documents made public by the New York State Department of Financial Services pursuant to New York's Freedom of Information Law. Upon due

SAO-IAD

CERTIFIED COPY ISSUED ON 06/25/2014

consideration, it is hereby ORDERED that the motion is GRANTED as to the complaints, and DENIED as to the public documents. *See Rothman v. Gregor*, 220 F.3d 81, 92 (2d Cir. 2000) (taking judicial notice of another complaint "as a public record"); *United States v. Byrnes*, 644 F.2d 107, 112 (2d Cir. 1981) (upholding lower court's refusal to take judicial notice of regulations that were irrelevant to the case).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

2