IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN CLARIZIA, *et al.*, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>-v-<br><br>OCWEN FINANCIAL CORPORATION, *et al.*,<br><br>Defendants. | Civil Action No. 13 Civ. 02907<br><br>**PLAINTIFFS' CONSOLIDATED OPPOSITION TO DEFENDANTS MOTIONS TO DISMISS** |

This case highlights a particular form of mortgage lending abuse, where a loan servicer colludes with force-placed insurance providers to charge borrowers amounts over and above what is permitted under the borrowers' mortgage agreements. As demonstrated in the Second Amended Complaint ("SAC") [ECF No. 60], Saxon Mortgage Services, Inc. ("Saxon") and Morgan Stanley (together, the "Saxon Defendants")[1] were provided financial incentives by Assurant, Inc. and American Security Insurance Company ("ASIC," together with Assurant, Inc., "Assurant Defendants") in exchange for permitting Assurant, Inc. and its subsidiaries to provide force-placed insurance services to the Saxon Defendants. The SAC properly alleges that Assurant and the Saxon Defendants' actions concerning these financial incentives paid and received in connection with force-placed <u>flood</u> insurance were unlawful.[2]

---

[1] Defendants Ocwen Financial Corporation and Ocwen Loan Servicing, LLC (collectively, "Ocwen") have not filed motions to dismiss.

[2] The SAC further alleged that Defendants improperly required more flood insurance coverage than required by federal law or the mortgage contracts ("over-insurance claim") and that Defendants improperly backdated force-placed flood insurance policies ("backdating claim"). Plaintiffs stipulate to dismissing these theories of recovery for the Ervings. However, because Plaintiffs' claims for violation of the federal Racketeer Influenced Corrupt Organization Act, breach of contract, unjust enrichment, breach of fiduciary duty/misappropriation of funds,

Assurant and the Saxon Defendants filed separate motions to dismiss. *See* ECF Nos. 107, 109. These motions address only the claims of Frances and Johnnie Erving, as representatives of their putative class, because the claims asserted against Ocwen by the Ervings, and plaintiff John Clarizia, are subject to a pending settlement in Florida. With respect to the Ervings' remaining allegations concerning improper financial incentives and kickbacks paid and received in connection with force-placed <u>flood</u> insurance, both Assurant and the Saxon Defendants' motions to dismiss incorporate the respective parties' motions to dismiss the Ervings' force-placed <u>hazard</u> insurance claims in the related case, *Lyons v. Litton Loan Servicing, LP*, No. 13-cv-513 (S.D.N.Y.), as the sole basis for dismissing the Ervings' force-placed flood insurance kickback claims. *See* Servicing Defendants' Mem of Law, ECF No. 111, at 1; Assurant Mem. of Law, Dkt. No. 108, at 2.

Accordingly, the Ervings hereby incorporate by reference their responses to Assurant and the Saxon Defendants' motions to dismiss in the *Lyons* action, which are filed concurrently with this opposition, in response to Defendant's motions to dismiss the Ervings force-placed flood insurance claims, and request that the Court deny the Defendants' motions in their entirety.


Dated: March 23, 2015                                  **LOWEY DANNENBERG**
                                                                           **COHEN & HART, P.C**.

                                                                    By:___/s/ David Harrison_____
                                                                           Barbara J. Hart (BH-3231)
                                                                           David Harrison (DH-3834)
                                                                           One North Broadway, Suite 509
                                                                           White Plains, NY 10601-2301
                                                                           Telephone: (914) 997-0500
                                                                           Facsimile: (914) 997-0035

---

conversion, and aiding and abetting breach of fiduciary duty are adequately pleaded based on the allegations of improper financial incentives and kickbacks, the counts should not be dismissed.

2

**KESSLER TOPAZ MELTZER & CHECK, LLP**
Edward W. Ciolko (*pro hac vice*)
Peter A. Muhic (*pro hac vice*)
Tyler S. Graden (*pro hac vice*)
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

**BERGER & MONTAGUE, P.C**.
Shanon J. Carson (*pro hac vice*)
Patrick Madden (*pro hac vice*)
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-4656
Fax: (215) 875-4604
Email: scarson@bm.net
          pmadden@bm.net

**TAUS, CEBULASH & LANDAU, LLP**
Brett Cebulash
Kevin S. Landau
80 Maiden Lane, Suite 1204
New York, NY 10038
Telephone: (212) 931-0704
Fax: (212) 931-0703
Email: bcebulash@tcllaw.com
klandau@tcllaw.com

**NIX PATTERSON & ROACH, LLP**
Jeffery J. Angelovich
Michael B. Angelovich
Brad Seidel
Christopher R. Johnson
205 Linda Drive
Daingerfield, TX 75638
Telephone: (903) 645-7333
Facsimile: (903) 645-4415

3

*Counsel for Plaintiffs and The Proposed Classes*

**CERTIFICATE OF SERVICE**

*I HEREBY CERTIFY* that on March 23, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day, via transmission of Notices of Electronic Filing generated by CM/ECF, on all counsel listed on the attached Service List.

                                    By:   /s/ David Harrison