UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| JOHN CLARIZIA, *et al.*, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>OCWEN FINANCIAL CORPORATION, *et al.*,<br><br>Defendants. | : ECF Case<br>:<br>: No. 13 Civ. 2907 (ALC)<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS BY DEFENDANTS ASSURANT, INC. AND AMERICAN SECURITY INSURANCE COMPANY

The Assurant Defendants have moved to dismiss the above-captioned putative class action, largely for the reasons explained in the Assurant Defendants' motion to dismiss the Ervings' companion *hazard* LPI case in this District, *Lyons v. Litton Loan Servicing, LP*, No. 13 Civ. 513 (ALC). *See* ECF Nos. 107, 108. The Ervings' two-page opposition to the motion to dismiss this *flood* LPI case simply incorporates by reference their opposition to the Assurant Defendants' motions to dismiss the *Lyons* action. *See* ECF No. 112. For consistency's sake, for their reply memorandum of law in support of the motion to dismiss the above-captioned case, the Assurant Defendants incorporate by reference their reply memorandum of law in support of their motion to dismiss the *Lyons* action.

That is not the end of the matter, however. In their opposition, the Ervings purport to withdraw claims based on their "backdating" and "overinsurance" theories, leaving only claims based on their "kickback" theory. *See* ECF Nos. 112 at 1 n.2. Effectuating this withdrawal by a motion under Fed. R. Civ. P. 15 or 41 would have been the more precise mechanism to

1

voluntarily drop claims. After 21 days had passed from the filing of their Second Amended Class Action Complaint, the Ervings were required to either obtain defendants' consent or seek the Court's permission if they wanted to re-amend their complaint to remove certain claims. *See* Fed. R. Civ. P. 15(a)(2).

Nonetheless, to prevent the Ervings from twice-vexing defendants in a later proceeding, the Court can and should formally dismiss these abandoned claims now. Claims withdrawn via opposition to a dispositive motion should be dismissed *with* prejudice. *See, e.g.*, *Kiernan v. Town of Southampton*, 2015 WL 1258309, at *10 (E.D.N.Y. Mar. 17, 2015); *Doonan v. Village of Spring Valley*, 2013 WL 3305767, at *1 n.1 (S.D.N.Y. June 25, 2013); *Batista v. Goord*, 2005 WL 2179420, at *8 (N.D.N.Y. Aug. 28, 2005); *Carr v. WestLB Admin., Inc.*, 171 F. Supp. 2d 302, 308 (S.D.N.Y. 2001). Dismissal with prejudice is appropriate here because:

- Item 2.D.ii of the Court's Individual Practices provides: "If the non-moving party elects not to amend its complaint and the motion to dismiss is granted, it is unlikely that the Court will grant the non-moving party leave to amend." In abandoning their claims via their opposition, the Ervings had sufficient warning that any post-motion dismissal would likely be with prejudice;

- In this two-year-old litigation, the operative Complaint is the Ervings' *third* effort at stating claims against defendants;

- The Ervings waited to abandon their "backdating" and "overinsurance" claims only after defendants first expended significant resources and exhausted their page limits briefing *all* three theories in their respective motions to dismiss. Those motions would have to be re-briefed and re-heard if the claims were later revived;

- The Ervings offer no explanation why they desire to abandon the claims at this time; and

- Defendants would be prejudiced if their motions to dismiss are denied and they are required to proceed through discovery on the "kickback" claims, only to see the "backdating" and "overinsurance" claims resurrected.

Accordingly, the Assurant Defendants respectfully move for an order dismissing the Ervings' (potentially) litigable claims, with prejudice, from the Complaint.

| | |
|---|---|
| Dated: New York, New York<br>April 6, 2015 | SULLIVAN & WORCESTER LLP<br><br>By: /s/ Andrew T. Solomon<br>Andrew T. Solomon<br>1633 Broadway<br>32nd Floor<br>New York, New York 10019<br>(212) 660-3000<br><br>CARLTON FIELDS JORDEN BURT, P.A.<br>Frank G. Burt (*pro hac vice*)<br>W. Glenn Merten (*pro hac vice*)<br>Brian P. Perryman (*pro hac vice*)<br>1025 Thomas Jefferson Street NW<br>Suite 400 East<br>Washington, DC 20007<br>(202) 965-8100<br><br>*Attorneys for Defendants Assurant, Inc., and American Security Insurance Company* |

100681104.1