

ATTORNEYS AT LAW

1025 Thomas Jefferson Street, NW | Suite 400 East
Washington, DC  20007-5208
202.965.8100 | fax 202.965.8104
www.CFJBLaw.com

Atlanta
Hartford
Los Angeles
Miami
New York
Orlando
Tallahassee
Tampa
**Washington, DC**
West Palm Beach

Frank G. Burt
202.695.8140 direct dial
fburt@cfjblaw.com

August 13, 2015

<u>VIA ELECTRONIC CASE FILING</u>
Hon. Andrew L. Carter Jr.
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

    Re:    *Lyons, et al. v. Litton Loan Servicing, LP, et al.*, No. 13 Civ. 513 (ALC)
            *Clarizia, et al. v. Ocwen Financial Corp., et al.*, No. 13 Civ. 2907 (ALC)

Dear Judge Carter:

    On behalf of all defendants in the above-referenced civil actions, I write in response to the letter submitted by plaintiffs on August 7, 2015 ("August 7 Letter") regarding the Second Circuit's recent remand for dismissal of an LPI class action analogous to this one.  See *Rothstein v. Balboa Insurance Co.*, __ F.3d __, 2015 WL 4460713 (2d Cir. July 22, 2015).  As defendants explained in their July 28, 2015 letter, the *Rothstein* decision is fatal to plaintiffs' theory of liability and warrants immediate dismissal pursuant to filed rate doctrine.

    Plaintiffs attempt to distinguish the above-referenced cases from *Rothstein* in two ways.  First, they argue that their cases include claims against lenders and servicers, whereas *Rothstein* rejected only claims against insurers.  Second, they assert that, while plaintiffs in *Rothstein* alleged "kickbacks" in the form of free or below-cost loan tracking services, plaintiffs in the above-referenced cases allege both "direct cash payments and elaborate, phony reinsurance arrangements."  August 7 Letter at 2.  Neither of these observations affects the application of *Rothstein* to these cases.

    Addressing the latter point first, the Second Circuit was clear that application of the filed rate doctrine "does not 'depend on the nature of the cause of action' or 'the culpability of the defendant's conduct,'" and the bar applies even if a particular claim "can be characterized as challenging something other than the rate itself."  2015 WL 4460713 at *3-4 (quoting *Marcus v. AT&T Corp.*, 138 F.3d 46, 58 (2d Cir. 1998).  "[U]nder the nonjusticiability principle, it is squarely for the regulators to say what should or should not be included in a filed rate," whether that be reinsurance premiums

Hon. Andrew L. Carter Jr.
August 13, 2015
Page 2

(although those referenced by Plaintiffs are entirely rate-neutral) or exposure management tracking fees. *Id.* at *4. Ultimately, the doctrine applies where, as here, plaintiffs seek a judicial refund of some portion of the LPI premium charged or paid. Because the claims here, like those in *Rothstein*, "rest on the premise that the rates approved by the regulators were too high," *id.* at *4, they are barred by the filed rate doctrine.

It is similarly irrelevant that plaintiffs here have sued lenders and servicers. "The filed rate doctrine is not limited to transactions in which the ratepayer deals directly with the rate filer." *Id.* at *5. *Rothstein* emphatically rejected as "immaterial" the "distinction between an 'A-to-B' transaction and an 'A-to-B-to-C' transaction." *Id.* at *6. As here, the servicer in *Rothstein* "sought reimbursement from Plaintiffs at [the filed rates]." *Id.* at *2. Plaintiffs nevertheless contend that the distinction is material because lenders and servicers are not legally compelled to charge the filed rate. According to plaintiffs, lenders and servicers "could have charged a portion – or none – of the LPI premiums to borrowers without offending the filed-rate doctrine." August 7 Letter at n.1. This argument ignores the nondiscrimination rationale underlying the filed rate doctrine, which bars claims that "would undermine the . . . scheme of uniform rate regulation." *Id.* at *6 (quoting *Wegoland Ltd. v. NYNEX Corp.*, 27 F.3d 17, 19 (2d Cir. 1994)). Because accepting plaintiffs' argument would result in certain borrowers paying an amount less than the filed and approved rate, it too violates the filed rate doctrine.

Here, as in *Rothstein*, "it is undisputed that [the defendant insurers'] LPI rates were filed with regulators and that Plaintiffs were billed at those same rates by [the defendant servicers]." *Id.* at *3. As a result, plaintiffs' claims offend both the nonjusticiability principle and the nondiscrimination principle, and the filed rate doctrine operates to "bar the claims." *Id.*

For these reasons, as well as the ones articulated defendants' prior filings, the Court should enter an order dismissing the actions with prejudice.

Sincerely,

*/s/ Frank G. Burt*

Frank G. Burt

cc:   All counsel of record (via ECF)