UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
JOHN CLARIZIA, *et al.*, individually and on behalf of others similarly situated,

                      Plaintiffs,

-against-

OCWEN FINANCIAL CORPORATION, *et al.*,

                      Defendants.
----------------------------------------------------------------x

1:13-cv-2907 (ALC) (HBP)

**ORDER TO SHOW CAUSE**

**ANDREW L. CARTER, JR., United States District Judge:**

On February 20, 2015, Defendants filed their respective motions to dismiss Plaintiff's Second Amended Class Action Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF Nos. 107, 109.) Defendants sought to dismiss 8 causes of action asserted by Plaintiffs – violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(C)-RICO; violation of RICO, 18 U.S.C. § 1962(D) - RICO conspiracy; breach of contract (including implied covenant of good faith and fair dealing); unjust enrichment/disgorgement; unjust enrichment/disgorgement; breach of fiduciary duty/misappropriation of funds held in trust; aiding and abetting a breach of fiduciary duty; and conversion. All of the asserted causes of action are predicated on allegations by Plaintiffs, borrowers of mortgage loans, that Loan Servicing Defendants[1] purchased force-placed insurance ("FPI") on Plaintiffs' properties from Assurant Defendants[2] – with whom they had undisclosed, exclusive, and illegal arrangements

---

[1] The "**Loan Servicing Defendants**" consists of the "Saxon Defendants" (Saxon Mortgage Services, Inc. and Morgan Stanley, collectively); and the "Ocwen Defendants" (Ocwen Loan Servicing, LLC and Ocwen Financial Corporation, collectively).  (See Second Amended Class Action Complaint ("SACAC"), at 1, ECF No. 60.)

[2] The "**Assurant Defendants**" consists of Defendants Assurant, Inc. (d/b/a/ Assurant Specialty Property) ("Assurant Inc.") and American Security Insurance Company ("AIC"), collectively.  Id.

that included "kickbacks" (in the form of commissions, fees, rebates, and other forms of consideration) – and charged Plaintiffs' for the FPI.

On July 22, 2015, in Rothstein v. Balboa Ins. Co., the Second Circuit held that the filed rate doctrine barred certain claims by borrowers of mortgage loans who opposed lender-placed insurance ("LPI")[3] practices. Rothstein v. Balboa Ins. Co., 794 F.3d 256 (2d Cir. 2015). Two weeks ago, the Second Circuit denied a petition for panel rehearing, or rehearing en blanc, of its Rothstein decision. (See Order Denying Petition for Rehearing En Banc in Rothstein v. Balboa Ins. Co., Second Circuit Court of Appeals Dkt. # 14-2250, ECF No. 164.)[4] Accordingly, Defendants' motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), briefed before the Rothstein decision, are DENIED without prejudice.

Plaintiffs are hereby ORDERED TO SHOW CAUSE as to why this action should not be dismissed against all Defendants on the grounds that the filed rate doctrine precludes Plaintiffs' claims against both the Assurant and Loan Servicing Defendants. See Rothstein, 794 F.3d 256. Counsel for all parties shall appear at the order to show cause hearing in this matter on **Friday, December 11, 2015** at 10:00 a.m. in Courtroom 1306 at the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, NY.

Defendants may file a consolidated motion to dismiss pursuant to Rule 12(b)(6), of no more than 15 pages, specifying which claims involve FPI/LPI rates approved by regulators, by or on **Monday, October 26, 2015**.[5] Plaintiff's response, likewise not to exceed 15 pages, is due by

---

[3] LPI is also known as force-placed insurance ("FPI"). See, e.g., Simpkins v. Wells Fargo Bank, N.A., 12-CV-00768-DRH-PMF, 2013 WL 4510166, at *12 (S.D. Ill. Aug. 26, 2013) ("plaintiffs claim that Assurant is one of the largest providers of lender-placed or force-placed insurance in the nation").
[4] The parties briefly addressed the Rothstein decision in letters to the Court submitted after the briefing of Defendants' motions to dismiss. (See ECF Nos. 117-120.)
[5] Assurant Defendants originally raised the filed rate doctrine and related issues in their Motion to Dismiss Pursuant

or on **Monday, November 23, 2015**. Defendants' may file a reply (not to exceed 5 pages), if necessary, by or on **Monday, December 7, 2015.**

This terminates Defendants' respective motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF Nos. 107 and 109).

**SO ORDERED.**

Dated:  September 29, 2015

New York, New York

HON. ANDREW L. CARTER, JR.
**United States District Judge**

---

to Fed. R. Civ. P. 12(b)(1) ("SMJ Motion"). (See SMJ Motion, ECF No. 62.) This Court denied the SMJ Motion, with an opinion to be forthcoming. (See Order denying Assurant Defendants' SMJ Motion, ECF No. 99.) However, as mentioned supra, the Rothstein decision was subsequently issued. In lieu of issuing an opinion on the order denying Assurant Defendants' SMJ Motion, the Court sua sponte grants leave for Assurant Defendants to file a motion for reconsideration to briefed concurrently with the above-mentioned consolidated motion to dismiss pursuant to Rule 12(b)(6).