UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN CLARIZIA, *et al.*, individually and on behalf of all others similarly situated, | : ECF Case<br>:<br>: No. 13 Civ. 2907 (ALC) |
| Plaintiffs, | : |
| vs. | : |
| OCWEN FINANCIAL CORPORATION, *et al.*, | : |
| Defendants. | : |

**MEMORANDUM OF LAW IN SUPPORT OF THE
ASSURANT DEFENDANTS' MOTION FOR PARTIAL
RECONSIDERATION OF THEIR RULE 12(b)(1) MOTION TO DISMISS**

Pursuant to the Court's September 29, 2015 Order to Show Cause, ECF No. 121, and Fed. R. Civ. P. 12(b)(6), defendants Assurant, Inc. and American Security Insurance Company (together, the "Assurant Defendants"), move for partial reconsideration of their motion to dismiss the Second Amended Class Action Complaint in this action ("SAC" or "Complaint," ECF No. 60), with prejudice, pursuant to Fed. R. Civ. P. 12(b)(1). Under the filed rate doctrine and the Second Circuit's decision in *Rothstein v. Balboa Insurance Co.*, 794 F.3d 256 (2d Cir. 2015), the Complaint and this action should be dismissed.[1]

**RELEVANT BACKGROUND**

The procedural history of this action mirrors that in *Lyons v. Litton Loan Servicing, LP*, Case No. 13 Civ. 513 (ALC), and is described at length in the *Lyons* defendants' Memorandum

---

[1] The Order to Show Cause is limited to the filed rate doctrine. In accordance with the Court's direction, this Memorandum does not address the Assurant Defendants' other arguments set forth in their Rule 12(b)(1) motion to dismiss, ECF Nos. 62-68, which the Court denied without opinion. ECF No. 99. The Assurant Defendants reserve the right to reassert, as needed, other subject matter jurisdiction questions in renewed motions to dismiss.

1

in Support of their Motion to Dismiss, *Lyons* ECF No. 191 (annexed hereto as Exhibit A).  Here, the only remaining plaintiffs are Frances and Johnnie Erving, who assert various claims in connection with lender-placed flood insurance ("LPFI") purchased by the Saxon Defendants from American Security when the Ervings failed to comply with the terms of their mortgage and maintain flood insurance on their property.[2]

As in *Lyons*, all of the Ervings' claims rest on the theory that they and putative class members were charged and/or paid "unfairly inflated" LPFI premiums that are "substantially more costly than the borrowers' original policies" because those premiums purportedly included "illicit payments" from the Insurer Defendants to the Loan Servicing Defendants as so-called "kickbacks" in order "to generate illicit gains for the Loan Servicing Defendants through fees, commissions, rebates, and/or other forms of consideration."  SAC ¶ 4, 5, 8, 10, 11.  *See, e.g.*, SAC ¶ 11 (the Assurant Defendants charged "commercially uncompetitive rates for force-placed flood insurance policies"); ¶ 12 ("the rates charged by Assurant to the Loan Servicing Defendants far exceed the cost of borrower-purchased insurance"); ¶ 13 (defendants charged "unreasonably high amounts for FPI, inflated by unreasonable expenses unrelated to the provisions of FPI"); ¶ 17 (defendants charged "exponentially higher premiums for force-placed insurance than regular homeowners insurance"); ¶ 50 (LPFI policies "are almost always more expensive than standard insurance coverage . . . [and reportedly] cost up to ten times more than standard policies"); ¶ 126(b) ("The Loan Servicing Defendants and their affiliates and subsidiaries, in coordination with the Insurer Defendants, provided and administered excessively priced policies charging Plaintiffs . . .  not only for the cost of their force-placed insurance, but

---

[2] Plaintiff John Clarizia's claims have been released in connection with a separate settlement. *See Lyons* ECF No. 191 at 3-4 and n.5

also charging them for the costs of kickbacks, fees, commissions and other considerations in the form of force-placed insurance premiums" that were charged to plaintiffs), and ¶ 126(d) (the Loan Servicing Defendants made and used "arrangements with the Insurer Defendants to establish conduits to funnel a portion of Plaintiffs' . . . premiums back to themselves"); ¶ 139 ("Instead of providing reasonably-priced insurance, Defendants sought reimbursement for unnecessarily high-priced policies[.]").

Although the Complaint includes, in addition to the "kickback" theory, allegations of LPFI "backdating," and LPI "overinsurance," plaintiffs have renounced the latter two theories, leaving only claims premised on purported "kickbacks." ECF No. 112 at 2 (incorporating plaintiffs' responses to motions to dismiss in *Lyons*, in which the plaintiffs withdrew their "backdating" and "overinsurance" claims; s*ee Lyons* ECF No. 166 at 2 n.4).

## ARGUMENT

It is undisputed that the premium rates charged to the Ervings for LPFI were filed with and approved by the appropriate state regulators. ECF No. 67. Accordingly, the arguments set forth in the Defendants' joint submission and the Assurant Defendants' Motion for Partial Reconsideration in *Lyons* apply with equal force here, and the Assurant Defendants incorporate them by reference as if fully set forth herein. *See Lyons* ECF No. 191 at 6-15; Lyons ECF No. 193 at 4-9 (annexed hereto as Exhibit B). As explained fully in that submission, the Ervings' claims fail because, among other reasons:

- *Rothstein* held that LPI claims identical to those asserted here violate both the non-justiciability and nondiscrimination principles underlying the filed rate doctrine. *Lyons* ECF No. 191 at 6-10; *Rothstein*, 794 F.3d at 262-63.

- The filed rate "doctrine operates notwithstanding an intermediary that passes along the rate," and protects loan servicers that charge premiums based upon filed and approved rates to borrowers. *Rothstein*, 794 F.3d at 264; *Lyons* ECF No. 191 at 9, 11-14.

- When it suited their purposes, plaintiffs previously insisted that *Rothstein* is an "analogous action" and presented "exactly the situation here." Their attempts to distinguish it now are unavailing. *Lyons* ECF No. 191 at 14-15.

- Numerous courts, including several in this district, held prior to *Rothstein* that the filed rate doctrine bars the same claims and theories asserted in this case. *Lyons* ECF No. 191 at 7-8, 12 n. 8 (collecting cases).

- To the Assurant Defendants' knowledge, the only court to have considered the issue since *Rothstein*, agreed with its reasoning and conclusions and held that allowing LPI claims to proceed against insurers and servicers "would contravene the purposes of the filed-rate doctrine." *Trevathan v. Select Portfolio Servs., Inc.*, 2015 WL 6913144, at *3 (S.D. Fla. Nov. 6, 2015); *Lyons* ECF No. 191 at 13.

- Payment of a filed rate in not a legally cognizable injury. Accordingly, the Ervings have no injury, and lack standing to bring this action. *Lyons* ECF No. 193 at 8-9.

## CONCLUSION

The record establishes that the LPFI rates charged to the Ervings were filed with and approved by the appropriate rate-making authority. There is no allegation that the Ervings were charged anything other than those filed rates. Accordingly, this action should be dismissed with prejudice pursuant to *Rothstein* and the filed rate doctrine.

Dated: November 20, 2015                    Respectfully submitted,

SULLIVAN & WORCESTER LLP                    CARLTON FIELDS JORDEN BURT, P.A.
Andrew T. Solomon
asolomon@sandw.com                          By: */s/ Frank G. Burt*
1633 Broadway                               Frank G. Burt (*pro hac vice*)
32nd Floor                                  fburt@cfjblaw.com
New York, New York 10019                    W. Glenn Merten (*pro hac vice*)
Telephone: (212) 660-3000                   gmerten@cfjblaw.com
Facsimile: (212) 660-3001                   Brian P. Perryman (*pro hac vice*)
                                            bperryman@cfjblaw.com
*Attorneys for Defendants Assurant, Inc. and*  1025 Thomas Jefferson Street NW
*American Security Insurance Company*          Suite 400 East
                                            Washington, DC 20007
                                            Telephone: (202) 965-8100
                                            Facsimile: (202) 965-8104