IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN CLARIZIA, *et al.*, on behalf of themselves and all others similarly situated,<br>    Plaintiffs,<br><br>    -v-<br><br>OCWEN FINANCIAL CORPORATION, *et al.*,<br>    Defendants. | Civil Action No.  13 Civ. 02907 |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO
THE ASSURANT DEFENDANTS' MOTION FOR PARTIAL
RECONSIDERATION OF THEIR RULE 12(b)(1) MOTION TO DISMISS**

Plaintiffs, by their undersigned attorneys, respectfully submit this Memorandum of Law in Opposition to the Motion of Assurant, Inc., and American Security Insurance Company (collectively, "Assurant Defendants") for Partial Reconsideration of their Rule 12(b)(1) Motion.

**INTRODUCTION**

The Assurant Defendants have requested that the Court reconsider its Order denying the Assurant Defendants' prior motion to dismiss the Second Amended Class Action Complaint ("SAC") pursuant to Federal Rule of Civil Procedure 12(b)(1).[1]  The Court expressly granted the Assurant Defendant leave to file a motion for reconsideration in light of the decision in *Rothstein v. Balboa Insurance Company*, 794 F.3d 256 (2d Cir. 2015).  *See* ECF No. 121.  However, the Assurant Defendants have not made the necessary showing to meet their burden.  As such, reconsideration is unwarranted.

The Assurant Defendants offer no argument that *Rothstein* decided any issue of standing

---

[1] The Assurant Defendants also joined Defendants' Memorandum of Law in Support of Defendants Motion to Dismiss Filed Pursuant to This Court's Order to Show Cause.  *See* ECF No. 125.  Plaintiffs' response to that motion, which was brought pursuant to FED. R. CIV. P. 12(b)(6), is incorporated herein by reference as further support.  *See Lyons* ECF No. 194.

or subject matter jurisdiction. Indeed, they cannot, as *Rothstein* reversed the district court's decision under Rule 12(b)(6). Because *Rothstein* does not present a change of law on any issue properly subject to a Rule 12(b)(1) motion, the Assurant Defendants cannot show that an intervening change of law warrants reconsideration.

Moreover, notwithstanding the lack of any relevant change in law, the Assurant Defendants' argument for dismissal for lack of standing under Rule 12(b)(1) still fails. The law on this point is well established: the filed rate doctrine is a defense on the merits and not a matter of standing or subject matter jurisdiction.

## LEGAL STANDARD

"[O]nly when the defendant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice" should reconsideration be granted.[2] *Vaigasi v. Solow Mgmt. Corp.*, No. 11-cv-5088, 2014 WL 5809604 (S.D.N.Y. Nov. 6, 2014) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013)). "Reconsideration of a court's previous order is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *Id.* (quoting *In re Health Mgmt. Sys. Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)).

## ARGUMENT

There has been no intervening change in controlling law to warrant reconsideration of this Court's previous denial of the Assurant Defendants' motion to dismiss under Rule 12(b)(1). As shown, the Assurant Defendants only reargue their previous, failed motion and fail to demonstrate that *Rothstein* represents a change in the relevant law. Accordingly, the

---

[2] Neither the availability of new evidence nor the need to correct a clear error of law has been argued (or is even arguably present here).

extraordinary remedy of reconsideration should not be granted. The Assurant Defendants' prior arguments, which this Court and others have previously rejected, remain contrary to settled law.

**I.    *Rothstein* Did Not Change the Law on Standing**

The Rule 12(b)(1) analysis is unaffected by the *Rothstein* decision; thus, reconsideration is unwarranted.

In fact, the Assurant Defendants do not argue that the reasoning of *Rothstein* represents a change of law such that granting a motion for reconsideration is appropriate. To the contrary, in the only mention of *Rothstein* in the section of their brief concerning the applicability of Rule 12(b)(1), the Assurant Defendants tacitly admit that *Rothstein* was limited to the context of a motion under Rule 12(b)(6). *See Lyons* ECF No. 193 Assurant Br., at 8 ("Although the filed rate doctrine may be addressed in the context of a Rule 12(b)(6) motion for failure to state a claim upon which relief may be granted, *see Rothstein*, 794 F.3d at 261, it may also be raised and properly considered as a standing issue in a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).").

The Assurant Defendants provide no further argument or reasoning as to how *Rothstein* has any bearing on the issue of standing or subject matter jurisdiction. Instead, the Assurant Defendants' discussion of *Rothstein* parrots the same arguments made in Defendants' Motion to Dismiss Filed Pursuant to This Court's Order to Show Cause. *See* ECF No. 127, Assurant Motion, at 3-4.[3] As discussed in more detail *infra*, multiple courts in this district and elsewhere have recognized that the Assurant Defendants' arguments are merits arguments that do not invoke questions of standing or subject matter jurisdiction. Indeed, the terms "standing" and

---

[3] Because the substantive issues of how the *Rothstein* decision affect Plaintiffs' claims are addressed in full in Plaintiffs' Opposition to the Defendants' Motion to Dismiss, filed contemporaneously herewith and incorporated by reference, Plaintiffs limit the discussion here to *Rothstein*'s application to the principles of standing.

"jurisdiction" do not even appear in the *Rothstein* opinion.

Instead, the Assurant Defendants' arguments boil down to a contention that, because the Assurant Defendants (improperly) believe that their Rule 12(b)(6) arguments have been bolstered by the *Rothstein* decision, the Assurant Defendants argue that the Court should also adopt their Rule 12(b)(1) arguments.  There is no basis in *Rothstein*, or otherwise, for the Court to reconsider its prior decision on the Rule 12(b)(1) motion.  Accordingly, because no controlling change in law has been demonstrated, the Assurant Defendants' motion for reconsideration should be denied.

## II.     The Filed Rate Argument Is a Defense on the Merits, Not an Issue of Standing

If anything, *Rothstein* confirms previous decisions in this district and elsewhere that the filed rate doctrine does not give rise to jurisdictional or standing issue, but instead should be examined under Rule 12(b)(6).

As Judge Cote recognized in *Curtis v. Cenlar FSB*, where the court dismissed the *pro se* plaintiff's lender placed wind insurance claims on filed rate grounds under Rule 12(b)(6), the Assurant Defendants' reasoning improperly conflates standing with the legal merits of the claim, such any Rule 12(b)(6) motion could be "restyled as a Rule 12(b)(1) standing motion."[4]  *Curtis v. Cenlar FSB*, No. 13-cv-3007, 2013 WL 5995582, at *2 (S.D.N.Y. Nov. 12, 2013).  Just as the Assurant Defendants argue here, the Assurant Defendants in *Curtis* argued that "because [the plaintiff] loses on the merits, he has not suffered any cognizable injury that is traceable to the acts of the Assurant defendants and he lacks standing to sue them." *Id.* (internal quotation omitted).  However, as Judge Cote explained:

---

[4] Notably, not only was the plaintiff in *Curtis* represented *pro se*, but the plaintiff did not even "respond to the Assurant defendants' Filed Rate Doctrine defense in his opposition to their motion to dismiss." *Id.*, at *3.

4

> [T]his reasoning would allow any Rule 12(b)(6) motion to be restyled as a Rule 12(b)(1) standing motion. While standing and merits questions frequently overlap, standing is fundamentally about the propriety of the individual litigating a claim irrespective of its legal merits, while a Rule 12(b)(6) inquiry is concerned with the legal merits of the claim itself. *See generally Allen v. Wright*, 468 U.S. 737, 751 (1984) (defining the standing inquiry as "to ascertain whether the particular plaintiff is entitled to an adjudication of the particular claims asserted."). Here, [Assurant is] not contending that [the plaintiff] is the wrong individual to bring these legal claims; they are arguing that the claims are simply not legally cognizable.

*Curtis*, 2013 WL 5995582, at *2.

In *Hoover v. HSBC Mortg. Corp. (USA)*, where the Court held that the filed rate doctrine does not bar LPI similar claims, Judge D'Agostino concurred with the court's reasoning in *Curtis*, finding that "a filed rate argument is a defense on the merits[] rather than a challenge to subject matter jurisdiction." *Hoover v. HSBC Mortg. Corp. (USA)*, 9 F. Supp. 3d 223, 237 (N.D.N.Y. 2014) (discussing *Curtis*, 2013 WL 5995582, at *2). *See also Perryman v. Litton Loan Servicing, LP,* No. 14-cv-02261, 2014 WL 4954674, at *6, n.4 (N.D. Cal. Oct. 1, 2014) ("[T]here is, however, persuasive case law which holds that the filed rate doctrine is not a subject matter jurisdiction issue, but is rather a defense on the merits") (quoting *Hoover*, 9 F. Supp. 3d at 237).

The Assurant Defendants' motion for reconsideration only reargues their failed positions here, and before other courts, that "insureds have no legal right to pay anything other than the promulgated rates" and thus "have suffered no cognizable injury by virtue of paying said rates." *See* ECF No. 98, at 4, n.5. The Assurant Defendants have repeatedly lost this argument using the same case citations and text. *See, e.g.*, Mem. of Law in Support of Motion to Dismiss by Defendants Assurant, Inc. and American Security Insurance Co., *Hoover v. HSBC Mortg. Corp.*, No. 13-cv-149, ECF No 34-1 at 7-8 (N.D.N.Y. Apr. 17, 2013); Mem. of Law in Support of Motion to Dismiss by Defendants Assurant, Inc. and American Security Insurance Co., *Curtis v.*

*Cenlar FSB*, No. 13-cv-3007, ECF No. 16 at 8 (S.D.N.Y. June 7, 2013).  The *Rothstein* decision does not revive the Assurant Defendants' standing defense, which has repeatedly failed within this district and elsewhere.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court enter an Order denying the Assurant Defendants' Motion For Partial Reconsideration of Their Rule 12(b)(1) Motion to Dismiss, and allow Plaintiffs to proceed with discovery.

Dated:  December 21, 2015                                      Respectfully submitted,

          **KESSLER TOPAZ**
           **MELTZER & CHECK, LLP**

      By:  /s/ *Peter A. Muhic*
          Peter A. Muhic (*pro hac vice*)
          Tyler S. Graden (*pro hac vice*)
          280 King of Prussia Road
          Radnor, PA 19087
          Telephone: (610) 667-7706
          Facsimile: (610) 667-7056

          **LOWEY DANNENBERG**
          **COHEN & HART, P.C**.
          Barbara J. Hart (BH-3231)
          David Harrison (DH-3834)
          One North Broadway, Suite 509
          White Plains, NY 10601-2301
          Telephone: (914) 997-0500
          Facsimile: (914) 997-0035

          **BERGER & MONTAGUE, P.C**.
          Shanon J. Carson (*pro hac vice*)
          Patrick Madden (*pro hac vice*)
          1622 Locust Street
          Philadelphia, PA 19103
          Telephone: (215) 875-4656
          Fax: (215) 875-4604

          *Counsel for Plaintiffs and The*
          *Proposed Classes*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 21st day of December, 2015, a true and correct copy of the foregoing document was filed with the Court utilizing its ECF system, which will send notice of such filing to all counsel of record.

                                                       */s/ Peter A. Muhic*
                                                       Peter A. Muhic